UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMUEL L. MARTIN-SHIVELY,<br><br>Plaintiff,<br><br>v.<br><br>WESTVILLE CORRECTIONS FACILITY, et al.,<br><br>Defendants. | CAUSE NO. 3:19-CV-857-RLM-MGG |

OPINION AND ORDER

Samuel L. Martin-Shively, a prisoner without a lawyer, filed an amended complaint alleging that the defendants have provided him with constitutionally inadequate medical treatment for his back pain. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

On December 18, 2017, Mr. Martin-Shively had a back surgery in which screws and hardware were utilized. That surgery failed, and the hardware became loose, causing him significant pain. A surgeon recommended that he have another surgery to correct the issue, but that surgery wasn't performed before Mr. Martin-Shively's conviction.

Mr. Martin-Shively arrived at the Regional Diagnostic Center in June 2019. He brought medical records compiled by his attorney with him to alert the RDC to his serious medical problems and need for ongoing treatment, including surgery. RDC staff indicated that they wouldn't be going through all his medical records, but the records would be sent to the facility where he was assigned upon leaving the RDC.

In July, Mr. Martin-Shively was transferred to the Westville Correctional Facility. Staff at Westville indicated that the records weren't received from the RDC. Furthermore, the medical history provided to Westville didn't even reference Mr. Martin-Shively's back pain. Mr. Martin-Shively told Westville staff about his back pain during intake.

After several requests, Mr. Martin-Shively spoke with LPN Ms. Hutchinson, who was described as his medical advocate.[1] He told her about his pain. He also told her that, before his incarceration, he spent most of his time in a wheelchair, had a life alert button for emergencies, and had a caregiver to assist him. He told Ms. Hutchinson that the second surgery was necessary to reduce his pain. Ms. Hutchinson indicated that the IDOC doesn't allow inmates to receive back surgery while incarcerated. He asked Ms. Hutchinson if he could have a second mattress or a thicker mattress, but she said that she had nothing to do with that decision. She provided Mr. Martin-Shively with a back brace, which he used, but it did not help him. Ms. Hutchinson didn't have his medical records even though

---

[1] It is not clear when this meeting took place.

he had previously signed a medical release form. Ms. Hutchinson indicated that she didn't have the release form that he signed either, but she would send him another one to sign. Instead of sending him a medical release form that would allow Westville to obtain relevant medical records, Ms. Hutchinson sent him a form titled as a "Refusal and Release from Responsibility for Medical, Surgical, Psychiatric, and Other Treatment." (ECF 5-1 at 1.)

In September, Mr. Martin-Shively submitted a request for health care, indicating that his back pain was getting worse. He also indicated that he needed surgery, medication, work that didn't hurt his back, and to see a doctor. (ECF 5-1 at 13.) The response makes reference to the December 2017, surgery, and indicated that "Dr. Liaw has your chart." (*Id.*)

On September 24, 2019, Mr. Martin-Shively lifted some heavy cabinets while at work and further aggravated his back pain. The next day, he could hardly walk. The officer on Mr. Martin-Shively's dorm called the medical department, but they wouldn't see him and instead instructed him to fill out a health care request form. He submitted a second health care request form. (ECF 5-1 at 12.) The copy submitted to the court is partially indecipherable, but in it, Mr. Martin-Shively expresses frustration at being charged for sick call visits. The response indicates that Mr. Martin-Shively was seen for sick call on September 17, 2019, and that "[a]ll nurse visits are charged refer to policy[.]" (*Id.*)

Despite his pain and health care request, Captain Gary Lewis told Mr. Martin-Shively's dorm staff to send him to work. Once there, he was told to get to work or he would be written up, fired, and placed in segregation. Mr. Martin-

Shively worked despite his pain. After return to his dorm, he filled out another health care request form. (ECF 5-1 at 11.) The form is difficult to read, but the response suggests that he was provided with a pass for a medical visit on September 28.

On September 26, Mr. Martin-Shively started his day by going to the law library, but when he returned, he was told he needed to go to work. He said he was in too much pain and couldn't go. Captain Lewis came to his dorm to get him. Mr. Martin-Shively told Captain Lewis that he couldn't work because he was in way too much pain. Captain Lewis told him again that he would be written up if he didn't work. Mr. Martin-Shively went to his work site with Captain Lewis. Captain Lewis, knowing he was in severe pain, did not take the most direct route to the work site. He instead walked with Mr. Martin-Shivley to a more distant location to get tools before going to the work site. When Mr. Martin-Shivley reached the work site, he refused to work because of his pain. Captain Lewis took no action to ensure that Mr. Martin-Shively received medical care. While Mr. Martin-Shively didn't work, he sat at his work site until released at 2:00 p.m. Each day since September 26, Mr. Martin-Shively has attended work and sat without working. Mr. Martin-Shively doesn't indicate that he was written up, fired, or placed in segregation as a result of his work refusal.

Mr. Martin-Shively still hasn't seen a doctor for his back pain. In addition to submitting health care request forms, Mr. Martin-Shively has written Warden Galipeau about his need for medical treatment. Mr. Martin-Shively hasn't received a response.

4

Under the Eighth Amendment, inmates are entitled to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." Jackson v. Kotter, 541 F.3d 688, 697 (7th Cir. 2008). Although the Eighth Amendment does not entitle an inmate to a specific form of treatment, prison medical staff cannot simply continue with a course of treatment that is known to be ineffective. Greeno v. Daley, 414 F.3d at 654-655. A delay in providing treatment can constitute deliberate indifference

when it causes unnecessary pain. Arnett v. Webster, 658 F.3d 742, 752-753 (7th Cir. 2011); Grieveson v. Anderson, 538 F.3d 763, 779 (7th Cir. 2008).

Mr. Martin-Shively's complaint indicates that he is suing three defendants, but he lists five defendants: Westville Correctional Facility, Warden Galipeau, Westville Medical Staff, Ms. Hutchinson, and Captain Gary Lewis. Mr. Martin-Shively can't proceed against the Westville Correctional Facility because it's a building, not a suable entity. Smith v. Knox County Jail, 666 F.3d 1037, 1040 (7th Cir. 2012). He can't proceed against the Westville Medical Staff without specifying particular individuals because that would be the same as including an unnamed defendant. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." Wudtke v. Davel, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Giving Mr. Martin-Shively the inferences to which he is entitled at this stage of the case, he has alleged facts that permit an inference that both Ms. Hutchinson and Captain Lewis were deliberately indifferent to his serious medical needs. He may proceed against them in their individual capacity for monetary damages.

Mr. Martin-Shively doesn't allege that Warden Galipeau was personally involved in denying him medical care. Mr. Martin-Shively alleges only that he wrote to Warden Galipeau and received no response. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not

6

for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993). Because Mr. Martin-Shively hasn't alleged that Warden Galipeau was involved in the decision to deny him medical treatment for his back pain, Mr. Martin-Shively can't proceed against Warden Galipeau in his individual capacity for monetary damages. He may, however, proceed against Warden Galipeau in his official capacity for injunctive relief. Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011) ("[T]he warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out.").

Lastly, Mr. Martin-Shively's complaint contains a request for preliminary injunction, although he didn't file a separate motion, as required by this court's local rules. *See* N.D. Ind. L.R. 65-1 ("The court will consider requests for preliminary injunctions only if the moving party files a separate motion for relief."). Mr. Martin-Shively asks that his serious medical needs be addressed and, more specifically, that the surgery recommended by a physician prior to his incarceration be performed. The court will defer ruling on Mr. Martin-Shively's request for a preliminary injunction until the Warden has filed a declaration in response to this request and Mr. Martin-Shively has had an opportunity to reply.

For these reasons, the court:

(1) GRANTS Samuel L. Martin-Shively leave to proceed against Ms. Hutchinson and Captain Gary Lewis in their individual capacity for

compensatory and punitive damages for failing to provide Samuel L. Martin-Shively with adequate medical care for his back pain while housed at the Westville Correctional Facility, in violation of the Eighth Amendment;

(2) GRANTS Samuel L. Martin-Shively leave to proceed against Warden Galipeau in his official capacity for injunctive relief to provide Samuel L. Martin-Shively with adequate medical care for his back pain, as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Westville Correctional Facility and Westville Medical Staff;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Galipeau, Ms. Hutchinson, and Captain Gary Lewis at the Indiana Department of Correction with a copy of this order and the amended complaint, pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS Warden Galipeau to respond to the request for preliminary injunction and file an affidavit or declaration with the court by **November 18, 2019**, explaining how Samuel L. Martin-Shively's back pain is being addressed in a manner that satisfies the requirements of the Eighth Amendment; and

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Warden Galipeau, Ms. Hutchinson, and Captain Gary Lewis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 4, 2019

                                                          s/ Robert L. Miller, Jr.
                                                        JUDGE
                                                        UNITED STATES DISTRICT COURT