UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMUEL L. MARTIN-SHIVELY, Plaintiff, v. JOHN GALIPEAU, et al., Defendants. | CAUSE NO. 3:19-CV-857-RLM-MGG |

OPINION AND ORDER

Samuel L. Martin-Shively, a prisoner without a lawyer, filed a complaint and two motions seeking preliminary injunctive relief to obtain adequate medical care and treatment for his back pain. (ECF 5, ECF 10; ECF 12). The court ordered Warden Galipeau, in his official capacity, to file an affidavit or declaration with the court explaining how Samuel L. Martin-Shively's back pain is being addressed in a manner consistent with the Eighth Amendment. (ECF 7.) Warden Galipeau has now responded. (ECF 16.)

In his response, Warden Galipeau argues that Wexford is responsible for decisions about Mr. Martin-Shively's medical care and that Wexford is in the best position to respond to Mr. Martin-Shively's concerns. As noted in this court's order (ECF 7), Warden Galipeau has both the authority and the responsibility to ensure that Mr. Martin-Shively receives medical treatment that is consistent with what the Eighth Amendment requires. *See* Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011) ("the warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any

injunctive relief is carried out."). To the extent that Warden Galipeau is arguing that he can't provide the requested relief, his argument lacks merit.

In his complaint, Mr. Martin-Shively alleged that hardware installed during a previous back surgery has become loose and causes him great pain. He indicates that a surgeon recommended before his incarceration that he have a corrective surgery. He has tried to alert prison officials to this need since he arrived at the Regional Diagnostic Center in June of 2019, and even provided medical records that allegedly documented the need for surgery. Mr. Martin-Shively also told Westville staff about his back pain during intake. He told LPN Ms. Hutchinson about his pain and need for surgery. He also told her that before his incarceration, he spent most of his time in a wheelchair, had a life alert button for emergencies, and had a caregiver to assist him. In response, Ms. Hutchinson told Mr. Martin-Shively that the IDOC doesn't let inmates get back surgery while incarcerated. He asked her for a second mattress or a thicker mattress to relieve his pain, but she said that she had nothing to do with that decision. She provided Mr. Martin-Shively with a back brace, which he used, but it didn't help him.

After those first attempts to obtain the care he believes he needs were unsuccessful, Mr. Martin-Shively submitted a request for health care in September indicating that his back pain was getting worse. He also indicated that he needed surgery, medication, work that didn't hurt his back, and to see a doctor. (ECF 5-1 at 13.) In response, Mr. Martin-Shively was seen by a nurse on September 17, 2019, although it is unclear what treatment, if any, was provided.

Mr. Martin-Shively further aggravated his back while working on September 24, and he submitted a second health care request form, then a third. (ECF 5-1 at 11-12) When Mr. Martin-Shively filed his complaint, he indicated that he still hadn't seen a doctor for his back pain.

In response to the court's order, Warden Galipeau indicates that Mr Wexford's medical staff has seen Mr. Mr. Martin-Shively numerous times since he came to Westville on June 20, including four times specifically relating to his back pain. (ECF 16-2 at ¶ 7-8.) Warden Galipeau doesn't indicate that a physician has seen Mr. Martin-Shively, and doesn't indicate what treatment, if any, was provided for Mr. Martin-Shively's back pain by the medical staff that saw Mr. Martin-Shively. In short, Warden Galipeau's response doesn't show Mr. Martin-Shively is receiving constitutionally adequate medical care – or any care at all – for his claimed severe back pain caused by a failed back surgery and loose hardware.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

> To obtain a preliminary injunction, a plaintiff must first show that: (1) without such relief, it will suffer irreparable harm before final resolution of its claims; (2) traditional legal remedies would be inadequate; and (3) it has some likelihood of success on the merits. If a plaintiff makes such a showing, the court next must weigh the harm the plaintiff will suffer without an injunction against the harm the defendant will suffer with one. This assessment is made on a sliding scale: The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor. Finally, the court must ask whether the preliminary injunction is in the public interest, which entails taking into account any effects on non-parties. Ultimately,

the moving party bears the burden of showing that a preliminary injunction is warranted.

Courthouse News Serv. v. Brown, 908 F.3d 1063, 1068 (7th Cir. 2018) (citations and quotation marks omitted). Additionally,

> [t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012) (quotation marks, brackets, and citations omitted).

The uncontradicted material now before the court at this time is that Mr. Martin-Shively suffers from severe back pain, that he has – thus far – been seen by nursing staff several times but hasn't received any treatment outside of an ineffective back brace provided by LPN Hutchinson. Ongoing suffering caused by pain is an irreparable harm. Money can compensate for past pain, but that alone isn't a justification for unnecessarily protracting current suffering. As presented, Mr. Martin-Shively has some likelihood of success. As for balancing harms, Warden Galipeau won't be required to provide care beyond that which is mandated by the Eighth Amendment and so will suffer no appreciable harm if the request for an injunction is granted. The requested preliminary injunction isn't based on a disagreement with medical professionals – it's based on the absence of a single medical opinion about what care is appropriate for Mr.

4

Martin-Shively and an absence of any evidence that Mr. Martin-Shively's pain is being addressed in any manner whatsoever. Finally, the public interest weighs in favor of granting a preliminary injunction in this case because prisoners have a constitutional right to adequate medical care. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Therefore, the court will grant a preliminary injunction, but only to the extent that Warden Galipeau in his official capacity will be ordered to have Mr. Martin-Shively examined and treated by a licensed physician for his complaints of back pain.

Warden Galipeau isn't a medical professional, and nothing in this order requires him to be a medical professional. This order only requires the warden to locate a licensed physician who will examine Mr. Martin-Shively's back and provide constitutionally adequate medical treatment. *See* Gonzalez v. Feinerman, 663 F.3d at 315.

This order sets a deadline for Warden Galipeau to get Mr. Martin-Shively to a physician, but it doesn't specify which physician because inmates aren't "entitled to demand specific care" or "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Nor does it dictate how Mr. Martin-Shively's pain must to be treated because, "the Constitution is not a medical code that mandates specific medical treatment." Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). "Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations." *Id.* Neither does the injunction require that Mr. Martin-Shively's pain be alleviated because "[t]o say the Eighth Amendment requires

5

prison doctors to keep an inmate pain-free in the aftermath of proper medical treatment would be absurd." *Id.*

For these reasons, the request for preliminary injunction contained in Mr. Martin's Complaint and motions (ECF 5; ECF 10; ECF 12) is GRANTED to the extent that Warden Galipeau in his official capacity is ORDERED to have Mr. Martin-Shively examined and treated by a licensed physician for his complaints of back pain. The Warden is ORDERED to file a medical report documenting compliance with this order by **noon (South Bend Time), December 13, 2019**.

SO ORDERED on December 3, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT