UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMUEL L. MARTIN-SHIVELY,<br><br>Plaintiff,<br><br>v.<br><br>JOHN GALIPEAU, et al.,<br><br>Defendants. | CAUSE NO. 3:19-CV-857-RLM-MGG |

OPINION AND ORDER

Samuel L. Martin-Shively, a prisoner without a lawyer, was granted leave to proceed on a claim against Ms. Hutchinson and Captain Gary Lewis for failing to provide Samuel L. Martin-Shively with adequate medical care for his back pain while housed at the Westville Correctional Facility, in violation of the Eighth Amendment. He was also granted leave to proceed against Warden Galipeau in his official capacity for injunctive relief to provide Samuel L. Martin-Shively with adequate medical care for his back pain, as required by the Eighth Amendment.

The defendants each filed a motion for summary judgment arguing that Mr. Martin-Shively didn't exhaust his administrative remedies. Mr. Martin-Shively didn't file a timely response, although he was warned of the consequences of failing to respond. He filed a single untimely response, and defendant Hutchinson has moved to strike it. Mr. Martin-Shively didn't respond to the motion to strike.

Motion to Strike

Mr. Martin-Shively filed his response more than eleven weeks after Ms. Hutchinson's motion, and six weeks after Captain Lewis's and Warden Galipeau's summary judgment motion. This court's local rules allow twenty-eight days to file a response. N.D. Ind. L. R. 56-1(b)(1). Mr. Martin-Shively offered no reason for the late filing, either before or after the motion to strike was filed. "When an act may or must be done within a specified time, the court may, for good cause, extend the time: … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Mr. Martin-Shively has shown neither good cause nor excusable neglect. Nonetheless, motions to strike are disfavored, and the defendants haven't shown that they would be prejudiced by the late filings. Custom Vehicles, Inc. v. Forest River, Inc., 464 F.3d 725, 727 (7th Cir. 2006). Therefore, the court will deny the motion to strike, and address the summary judgment motions on the merits.

## Summary Judgment

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Heft v. Moore, 351 F.3d 278, 282 (7th Cir. 2003).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." Perez v. Wisconsin Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). The court of appeals has taken a "strict compliance approach to exhaustion." Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. Dole v. Chandler, 438 F.3d at 809.

Inmates are only required to exhaust administrative remedies that are "available." Woodford v. Ngo, 548 U.S. 81, 102 (2006). The availability of a remedy isn't a matter of what appears "on paper," but rather whether the process was truly available for the prisoner to pursue. Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006). When prison staff hinder an inmate's ability to use the administrative process, such as by failing to provide him with the necessary forms, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement .

3

. . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." Dole v. Chandler, 438 F.3d at 809.

A grievance process was available to inmates during Mr. Martin-Shively's time at the Indiana State Prison. ECF 42-3 at ¶ 6. The grievance policy sets forth a multi-step grievance process. *Id.* at ¶¶ 9-28. First, an inmate must try to informally resolve his complaint. *Id.* at ¶ 9.

> The offender may do this by discussing the complaint with the staff member responsible for the situation or, if there is no such single person, with the person who is in charge of the area where the situation occurs. If the offender is uncomfortable discussing the issue with that staff member, he/she may discuss with the staff person's immediate supervisor.

ECF 42-3 at 16-17.

If the inmate can't resolve the complaint informally, he can file a formal grievance within ten days of the incident giving rise to the complaint. The offender must also "provide evidence (e.g., "To/From" correspondence, State Form 36935, "Request for Interview") of the attempt" to resolve the complaint informally. ECF 42-3 at 16-17.

Once a formal grievance is filed, the Offender Grievance Specialist screens it to ensure it meets the requirements of the grievance policy. ECF 42-3 at ¶¶ 11-12. Grievances can be rejected if they are filed more than ten days after the incident or if the offender is grieving a matter that is inappropriate for the grievance process. *Id.* at ¶ 14. The Offender Grievance Specialist must either return the grievance if it is unacceptable or provide a receipt for it. *Id.* at ¶ 11. If

the offender does not receive either a receipt or a form indicating that the grievance was rejected within five days of submission, the offender must notify the Offender Grievance Specialist and keep a copy of that notice. *Id.* The Offender Grievance Specialist will then investigate. *Id.*

If a grievance is accepted, the Offender Grievance Specialist has fifteen days to complete an investigation and respond. *Id.* at ¶ 17. If the offender gets no response within twenty days, he may appeal as if the grievance was denied. *Id.* at ¶ 19. An offender who is dissatisfied with the resolution of the formal grievance may file an appeal within five days of receiving a response to the formal grievance. *Id.* at ¶ 20. If the appeal is denied, the offender may seek further review. *Id.* at ¶ 23. The grievance process is complete when an offender attempts informal resolution, files a formal grievance, files an appeal with the Warden or his designee, and files a second appeal with the Offender Grievance Manager. *Id.* at ¶ 28. Indiana Department of Correction records show whether an inmate has filed an informal grievance, formal grievance, or an appeal, as well as the responses. *Id.* at ¶ 30.

According to the IDOC's grievance records, Mr. Martin-Shively filed a formal grievance on September 23, 2019, indicating that he wanted back surgery to be performed. The grievance didn't mention any defendant by name or of any attempt to resolve his grievance informally. *Id.* It was returned to Mr. Martin-Shively for two reasons: there was no indication that Mr. Martin-Shively had tried to informally resolve his complaint, and the complaint or concern wasn't legible, understandable, presented in a courteous manner, or contained

excessive legal jargon. He was told that, if he had tried to resolve the complaint informally, he could fill out another grievance form and indicate that he had attempted to informally resolve his complaint. *Id.* Or, if he hadn't tried to resolve his complaint informally, he had five days to begin the process. Mr. Martin-Shively took no further action in response to the return of grievance. In response to the summary judgment motions, he contends that he did try to resolve his grievance informally before filing the formal grievance. He specifically indicates that he used a health care request form to try to informally resolve his grievance, but he didn't provide a copy of that form.

On September 25, 2019, Mr. Martin-Shively filed a formal grievance against Captain Lewis for forcing him to go to work even though he could hardly walk or move. He asked for a change in work assignment without being written up. That grievance made no mention of any attempt to resolve his grievance informally, and was rejected for that reason and because it concerned a classification or disciplinary hearing issue or action. He was instructed that, if he had tried to resolve the complaint informally, he could fill out another grievance form and indicate that he had attempted to informally grieve. He had five days to begin the process if he hadn't already tried. Mr. Martin-Shively took no further action in response to the return of grievance.

On October 1, 2019, Mr. Martin-Shively filed another formal grievance against Captain Lewis. He complained that Captain Lewis caused him to not receive his legal mail by forcing him to go to work even though he was waiting

for his mail.[1] The grievance made no mention of any attempt to resolve his grievance informally. This grievance was rejected because Mr. Martin-Shively didn't indicate that he had tried to informally resolve his complaint, and because the complaint or concern was not legible, understandable, presented in a courteous manner, or contained excessive legal jargon. He was instructed that, if he had tried to resolve the complaint informally, he could fill out another grievance form and indicate that he had tried to informally resolve his complaint, and that he had five days to begin the progress. Mr. Martin-Shively again took no further action.

In response to the summary judgment motions, Mr. Martin-Shively contends that he attempted to resolve his dispute with Captain Lewis verbally, so he can't provide written proof of his attempt. That is fair enough, but the grievance wasn't rejected because he did not provide written proof – it was rejected because he didn't indicate that he had made any attempt to resolve the matter informally whatsoever. The policy requires that he provide some evidence of his attempt to resolve the matter informally. His own statement about when and how he tried to resolve the matter informally might have been enough. But he didn't submit his statement with reference to this grievance or any of the other grievances that are even possibly related to the allegations he is proceeding on, either in the grievance itself or in response to the return of grievance form.

---

[1] Mr. Martin-Shively isn't proceeding on a claim related to legal mail, but it's one of the grievances that Mr. Martin-Shively relies upon in response to the motions for summary judgment.

The undisputed evidence shows that Mr. Martin-Shively filed this suit without exhausting his administrative remedies. There is no evidence that the grievance process was made unavailable to him, so the court must grant the defendants' summary judgment motions.

For these reasons, the court:

(1) DENIES the motion to strike (ECF 44):

(2) GRANTS the defendants' motions for summary judgment (ECF 40; ECF 53); and

(3) DISMISSES this case without prejudice pursuant to 42 U.S.C. 1997(e)(a).

SO ORDERED on February 17, 2021

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT